UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

IN RE

VIRGIL J. MAYNARD                                                                  CASE NO. 15-70784

DEBTOR

FRANK HAGER                                                                                PLAINTIFF

V.                                                                                            ADV. NO. 16-7004

VIRGIL J. MAYNARD                                                                       DEFENDANT

MEMORANDUM OPINION

This matter is before the Court on Defendant/Debtor Virgil J. Maynard's Motion for Summary Judgment [ECF No. 20] under Civil Rule 56 (applicable herein under Bankruptcy Rule 7056).[1] Plaintiff Frank Hager filed a non-verified Complaint [ECF No. 1] seeking to except the debt owed to him by Debtor from Debtor's discharge under § 523(a)(6). Because Hager failed to put forward any evidence to support his claim in response to Debtor's Motion, Debtor's Motion will be granted.

I.    BACKGROUND

Hager's Complaint alleges that a debt owing from Debtor to Hager arose from a business relationship in which Debtor removed timber from Hager's property. Hager alleges that, in connection with his work, Debtor "committed willful and malicious acts, which damaged [Hager's] real property, and destroyed a mobile home on [Hager's] property, which resulted in significant and continuing monetary loss to" Hager. [ECF No. 1 ¶ 9.]

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. References to the Federal Rules of Bankruptcy Procedure appear as "Bankruptcy Rule ___," and references to the Federal Rules of Civil Procedure appear as "Civil Rule __."

Hager obtained a judgment in the Pike Circuit Court against Debtor in 2006 relating to this alleged conduct and to a related breach of contract claim.  Debtor's Answer [ECF No. 6] admits the Pike Circuit Court entered a judgment against him in Hager's favor that remains unpaid but denies that Maynard committed willful and malicious acts.  Neither party attached a copy of the Pike Circuit Court's judgment to their pleadings.  However, Debtor attached the state court's "Findings of Fact, Conclusion of Law, Order and Judgment" (the "Judgment") entered on August 10, 2006, to his Memorandum in support of this Motion [ECF No. 21]; Hager's Response [ECF No. 25] does not dispute that it is a true and accurate copy.

Debtor now moves for summary judgment, positing that Hager filed this adversary proceeding "to have this Court declare the indebtedness evidenced by the Judgment of the Pike Circuit Court non-dischargeable pursuant to 11 U.S.C. § 727."  [ECF No. 21 ¶3.]  Debtor avers that no issue of material fact exists as "[t]here is no finding or statement in the Judgment which meets the standard set out in 11 U.S.C. § 727 which would require the denial of discharge" and Hager "has not presented any evidence meeting [his] burden of proof in support of [his] Complaint seeking a discharge of the debt set out in" the Judgment.  [ECF No. 21 ¶¶4, 6.]  Notably, Hager's Complaint seeks no relief under § 727, only § 523(a)(6), and Debtor's Motion offers no argument on § 523(a)(6).

Hager filed a Response to the Motion arguing that Hager "believes" that Debtor "intentionally inflicted" damage to Hager's real property and mobile home, and that the Judgment "does not preclude litigation" on Debtor's "mental state at the time he breached the contract with Plaintiff" such that Debtor's "mental state would, therefore, be a genuine issue of material fact to be determined by this Court."  [ECF No. 25.]  Hager, however, offers no evidence to support the argument in his Response.

Debtor did not file a timely Reply in further support of his Motion. Oral argument on the Motion was scheduled for November 16, 2016. The Court has reviewed the record of this matter, including the materials filed in connection with Debtor's Motion, and does not need further argument to resolve the Motion.

**II.    ANALYSIS**

The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper pursuant to 28 U.S.C. § 1409.

Entry of a summary decision is proper if the pleadings, discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(a). A party moving for summary judgment, asserting that a fact cannot be in genuine dispute, may support this assertion by "showing … that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c). A summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 577 (6th Cir. 2007).

> The moving party has the initial burden of proving that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). To meet this burden, the moving party may rely on any of the evidentiary sources listed in Rule 56(c) or may merely rely upon the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the jury. *Id.* at 1478. Essentially, a motion for summary judgment is a means by which to "challenge the opposing party to 'put up or shut up' on a critical issue." *Id.*

*Cox v. Ky. DOT*, 53 F.3d 146, 149 (6th Cir. 1995).

Section 523(a)(6) excepts from discharge any debt for willful and malicious injury by the debtor to the property of another entity. 11 U.S.C. § 523(a)(6). To prevent dischargeability of a debt, the creditor must prove "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). Specifically, the creditor has the burden to prove "that the debtor 'either (1) intended to cause injury to the creditor or to the Creditor's property, or (2) engaged in an intentional act from which the Debtor believed injury would be substantially certain to result.'" *Lynch v. Brown (In re Brown)*, Ch. 7 Case No. 09-60082, Adv. No. 09-6057, 2010 Bankr. LEXIS 4239, at *5 (Bankr. E.D. Ky. Nov. 10, 2010) (citing *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999)). The creditor must show that the debtor "will[ed] or desire[d] harm" or "believe[d] injury is substantially certain to occur as a result of his behavior." *Markowitz*, 190 F.3d at 465 n.10. The Sixth Circuit has defined "willful" to mean "deliberate or intentional" and "malicious" to mean a "conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986) (citations omitted).

Debtor argues that a summary decision should be entered dismissing Hager's claim that the debt here resulted from a willful and malicious injury by Debtor to Hager's property. Although Debtor refers to § 727 instead of § 523(a)(6) in his Motion, the thrust of his argument is the same: Hager can offer no evidence that Debtor either intended to cause injury to Hager's property or engaged in an intentional act from which Debtor believed injury would be substantially certain to result.

Hager responds that a factual dispute precludes summary judgment with regard to Debtor's intent in causing injury to Hager's property. While the Court recognizes that a motion

4

for summary judgment should not be granted when subjective intent is a material issue in dispute, *Buckeye Ret. Co., LLC v. Swegan (In re Swegan),* 383 B.R. 646, 655-56 (B.A.P. 6th Cir. 2008), the non-movant must show that such a dispute exists. "The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 198 (B.A.P. 6th Cir. 1998) (quoting *Hall v. Tollett*, 128 F.3d 418, 421-422 (6th Cir. 1997) (internal citations omitted)).

Hager has tendered no evidence to carry his burden and demonstrate that a material dispute of fact exists regarding Debtor's intent. Hager's Complaint, alleging that Debtor "committed willful and malicious acts," is not verified, and therefore does not constitute evidence. Debtor's Answer does not admit that he engaged in "willful and malicious acts." Hager did not submit responses to requests to admit, responses to interrogatories, or sworn testimony relating to Debtor's intent. The Pike Circuit Court's Judgment – the only document tendered in connection with this Motion aside from the written arguments of counsel – is silent as to Debtor's intent in causing the injuries to Hager's property for which that court awarded damages to Hager. As a result, there is no evidence in the record on an essential element of Hager's claim against Debtor under § 523(a)(6).

### III. CONCLUSION

Individual debtors in a bankruptcy proceeding are presumed to be entitled to a discharge, and exceptions to discharge are narrowly construed in the debtor's favor. *In re Zwosta*, 395 B.R. 378, 382-83 (B.A.P. 6th Cir. 2008). Under § 523(a)(6), debts incurred for "willful and malicious injury … to the property of another entity" are excepted from discharge, but the creditor bears the burden to establish the exception. On summary judgment, where the movant argues that a

lack of evidence exists on an element or elements of the plaintiff's claim, it is the plaintiff's obligation to "put up or shut up" by putting forth evidence, not simply argument. Here, Hager offers no evidence to contest Debtor's Motion.

Debtor's Motion for Summary Judgment will be granted, and this matter dismissed with prejudice. A separate judgment will be entered concurrent with this Opinion.

6

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Tuesday, November 01, 2016
(tnw)